IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN NANCE, a/k/a
SHAUN CARNEY,

                                                         OPINION AND ORDER

                     Petitioner,

                                                         02-cr-95-bbc-01

      v.                                                         16-cv-94-bbc

UNITED STATES OF AMERICA,

                     Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Sean Nance has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he is eligible for a modification of his sentence under the Supreme Court's recent decision in <u>Johnson v. United States</u>, 125 S. Ct. 2251 (2015), because he was found improperly to be a career offender under the sentencing guidelines. In fact, the <u>Johnson</u> decision has no application to petitioner's sentence and petitioner has suggested no other reason why he is entitled to a sentence modification. Accordingly, petitioner's motion must be denied.


RECORD FACTS

      Petitioner was charged in 2001 with four felonies. He reached a plea agreement with the government under which he pleaded guilty to one count of possessing cocaine base with the intent to distribute it and one count of carrying a firearm in relation to a drug offense,

1

in violation of 18 U.S.C. § 924(c)(1)(A). He had two prior sentences that made him a career offender under § 4B1.1 of the sentencing guidelines: one for a felony drug offense and one for felony battery. He received a sentence of 218 months on the first charge and a consecutive sentence of 60 months under 18 U.S.C. § 924(c)(1)(A)(i). He contends that the sentencing court erred in finding that his 1997 battery conviction qualified as a "crime of violence" for purposes of determining that he was a career offender.

OPINION

18 U.S.C. § 924(e)(1) mandates a sentence of at least 15 years for any person who violates 18 U.S.C. § 924(g) of the Armed Career Criminal Act and who has three prior convictions for a violent felony or serious drug offense or both. In subsection (2), the terms are defined: (A) covers the meaning of "serious drug offense," which is not at issue in this motion; (B) sets out the meaning of a "violent felony."

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves *conduct that presents a serious risk of physical injury to another*;

The words in italics are those that the Supreme Court held in <u>Johnson</u> were too vague to give fair notice of what conduct is prohibited, in violation of the due process clause of the Fifth Amendment. <u>Johnson</u>, 135 S. Ct. at 2556-57. The Sentencing Commission used the

2

same phrases to define "crime of violence" in the guidelines. U.S.S.G. § 4B1.2. The Supreme Court did not have occasion in Johnson to decide whether the commission's use of the same "residual clause" to define a "crime of violence" made the guidelines unconstitutionally vague. Petitioner argues that this court should reach that conclusion now and should grant his motion.

What petitioner overlooks is that in his case, the sentencing court did not rely on the residual clause in subsection (a)(2) of § 4B1.2 to find him a career offender. Instead, it considered whether petitioner's prior conviction for felony battery was a qualifying offense under subsection (a)(1) of the guidelines and found that it was. This was not a close question. The language in subsection (a)(1) is straightforward and explicit and does not raise the same questions of interpretation the residual clause requires. It would have been obvious to the sentencing judge that a person previously convicted of felony battery, had been found guilty of a crime "that has as an element the use, attempted use, or threatened use of physical force against the person of another." Accordingly, I find that petitioner has failed to show that he is entitled to any relief from his sentence.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

3

issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that the motion for post conviction relief under 28 U.S.C. § 2255 filed by petitioner Sean Nance, a/k/a Shaun Carney, is DENIED. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court

of appeals under Fed. R. App. P. 22.

Entered this 24th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge